**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALLAN R. BALDWIN, | DOCKET NUMBER |
| Appellant, | AT-0845-21-0302-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: December 23, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allan R. Baldwin, The Villages, Florida, pro se.

Alison Pastor, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed an Office of Personnel Management (OPM) reconsideration decision finding him ineligible for a waiver of a $56,932 overpayment in retirement benefits. On petition for review, the appellant claims he was inadequately

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

represented in his appeal, OPM provided misinformation about the computation of his annuity, he detrimentally relied on the overpayment, and recovery of the overpayment would be unconscionable. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis of the issue of waiver based on detrimental reliance, we AFFIRM the initial decision.

The appellant argued on appeal that he was entitled to a waiver of recovery of the overpayments due to his detrimental reliance on OPM's advice and omissions. Initial Appeal File (IAF), Tab 19 at 11-13. He asserted that, had he been made aware that his annuity would be reduced at age 62 when he became eligible for Social Security Administration (SSA) benefits, either through OPM

---

[2] In his reply to the agency's response to the petition for review, the appellant argues that allowance should be made for Federal taxes withheld from his annuity in the calculation of his overpayment. Petition for Review (PFR) File, Tab 6 at 4. OPM is required by law to withhold Federal income taxes from the benefit it pays and to remit that amount to the Internal Revenue Service (IRS). *Cebzanov v. Office of Personnel Management,* 96 M.S.P.R. 562, ¶ 11 (2004). To the extent that an adjustment to the appellant's benefits and any resulting overpayment affect his tax liability for past years, he must seek a remedy from the IRS. *Id.* OPM is thus not required to adjust its overpayment calculations to account for taxes remitted to the IRS.

advice or a timely annuity adjustment, he would have applied for SSA benefits at age 62 to make up for the difference in his annuity. IAF, Tab 11 at 14, Tab 19 at 12. He claims that, instead, he has "sacrificed" 4 years of SSA payments. IAF, Tab 11 at 14. The administrative judge failed to fully analyze this argument, and accordingly we do so now.

To justify waiver of an overpayment due to detrimental reliance, the recipient must show that "due to the notice that such payment would be made or because of the incorrect payment" he has "relinquished a valuable right or changed positions for the worse." 5 C.F.R. § 831.1403(a)(2). In evaluating detrimental reliance claims, the Board has applied section I.E.3 of the OPM *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System*, which states that to justify waiver, this "loss of a right or a change of position" must be:

> (a) directly caused by the overpayment or notice that such payment would be made (i.e., loss or change would not have otherwise occurred);
> (b) detrimental to the overpayment recipient;
> (c) material (i.e., significant enough to warrant the waiver); and
> (d) irrevocable (i.e., the forfeited right cannot be recovered, the change in position cannot be reversed).

IAF, Tab 9 at 113; *see Hunter v. Office of Personnel Management*, 109 M.S.P.R. 514, ¶ 12 (2008).

After review, we find that the appellant failed to establish, at the least, the second and third criteria, i.e., detriment and materiality. The appellant's argument overlooks the fact that delaying receipt of SSA benefits until age 66 substantially increased his monthly SSA benefits, and may yield him a higher total sum of such benefits over his lifetime than if he began drawing those benefits at age 62. IAF, Tab 20 at 22-25. Accordingly, because there is no means of determining the appellant's net financial change, he failed to carry his burden of showing that any change to his financial position was detrimental or material.

*King v. Office of Personnel Management*, 730 F.3d 1342, 1349 (Fed. Cir. 2013) (calculating change in financial position in terms of net loss). The appellant has therefore failed to justify waiver of recovery of his overpayment due to detrimental reliance.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] The appellant's claims of inadequate representation also fail to establish any basis for granting the petition for review. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (the appellant is responsible for the errors of his chosen representative).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.